# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2661

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Ace Washington, also known as | * | |
| Michael Minthorn, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 5, 1999

Filed: March 11, 1999

_____

Before  WOLLMAN,  HANSEN,  and  MORRIS  SHEPPARD  ARNOLD,  Circuit
Judges.

_____

PER CURIAM.

Ace Washington pleaded guilty to possessing cocaine with intent to distribute,
in violation of 21 U.S.C. § 841(a) and (b)(1)(B).  The district court[1] sentenced him
to 60 months imprisonment (the statutory minimum) and 5 years supervised release.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the
Western District of Missouri.

This appeal ensued. Pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel has filed a brief and moved to withdraw. We affirm.

Mr. Washington was arrested in January 1998 while transporting cocaine by train from San Francisco to St. Louis. At sentencing, the government contended Mr. Washington was not eligible for relief under the "safety-valve" exception to the statutory minimum sentence, <u>see</u> 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines Manual § 5C1.2 (1997), because he failed to provide the government all information and evidence he had concerning the offense or offenses that were part of the same course of conduct. The government presented the testimony of an FBI agent who twice interviewed Mr. Washington in an effort to determine the source of his drugs. The agent testified that although Mr. Washington had provided the first names and physical descriptions of his contacts in San Francisco and St. Louis, he believed Mr. Washington had not revealed everything he knew about the man who had entrusted him with more than a kilogram of cocaine. The agent also testified that he doubted Mr. Washington's explanation for a plane trip to St. Louis that Mr. Washington admitted taking a month prior to his arrest. Finally, the agent testified that Mr. Washington had no explanation for a telephone number found among his personal effects; the number was on the back of a slip of paper indicating Mr. Washington's itinerary on his January 1998 train trip, and was for a telephone in an Illinois town about fifty miles from St. Louis. The agent testified that Mr. Washington told him he was not familiar with the number, and did not know how it came into his possession. The district court concluded Mr. Washington was not entitled to safety-valve relief, agreeing with the government that he had not revealed everything he knew.

In the <u>Anders</u> brief, counsel questions the denial of safety-valve relief. However, we do not believe the district court clearly erred in finding that Mr. Washington failed to truthfully provide all information he had concerning his offense. <u>See</u> <u>United States v. Weekly</u>, 118 F.3d 576, 581 (8th Cir.) (standard of review),

modified on other grounds, 128 F.3d 1198 (8th Cir.), cert. denied, 118 S. Ct. 611 (1997).

After reviewing the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we grant counsel's motion for leave to withdraw, and affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.